This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41864**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JAMES ROGER HINES,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jennifer J. Wernersbach, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals his convictions for criminal sexual penetration of a minor (CSPM) and attempted CSPM. [BIC 1] Defendant raises one argument on appeal, asserting it was plain error for the district court to not allow Defendant to testify about a prior traumatic experience. [BIC 8, 11-12] Defendant acknowledges that because his trial counsel did not respond to the State's objection, we review his appeal for plain error. [BIC 9]

**{3}** The doctrine of plain error permits a court to "take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved." Rule 11-103(E) NMRA. "The plain-error rule, however, applies only if the alleged error affected the substantial rights of the accused." *State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 (internal quotation marks and citation omitted). To find plain error, this Court must be convinced that the district court's evidentiary ruling "constituted an injustice that created grave doubts concerning the validity of the verdict." *Id.* (internal quotation marks and citation omitted). "Further, in determining whether there has been plain error, we must examine the alleged errors in the context of the testimony as a whole." *Id.* (text only) (citation omitted).

**{4}** Defendant claims the statements he made during a recorded conversation with Victim and Victim's father were not true and that Defendant was speaking under duress at the time because Victim's father had a gun, which triggered Defendant's PTSD and anxiety from his prior traumatic experience. [BIC 6-7, 9-11] Defendant argues that additional testimony regarding the basis for his PTSD surrounding firearms was relevant because it would have helped to explain his anxiety during the recorded conversation. [BIC 10] However, such a bare showing of relevance falls far short of establishing plain error necessitating reversal of an otherwise sound conviction. *See id.*

**{5}** Reviewing the testimony as a whole, we are further convinced that the exclusion of this testimony was not plain error. Defendant testified that he did not commit the alleged acts, but his recorded statements to the contrary were admitted into evidence. [BIC 5-6] Further, Victim testified to acts by Defendant that supported his convictions. [BIC 2-4] *See State v. Luna*, 2018-NMCA-025, ¶ 42, 458 P.3d 457 (concluding there to be no plain error where the victim testified to the defendant's acts supporting conviction). Where, as here, the jury hears conflicting testimony, such conflict is "to be resolved by the fact-finder," who is "free to reject the defendant's version of events." *See State v. Maxwell*, 2016-NMCA-082, ¶ 16, 384 P.3d 116. Further, this Court may not weigh the evidence or substitute its judgment for that of the fact-finder where sufficient evidence supports the verdict. *State v. Sosa*, 2000-NMSC-036, ¶ 6, 129 N.M. 767, 14 P.3d 32.

**{6}** Considering the evidence presented in the district court, Defendant has not demonstrated any injustice in the district court proceedings, let alone that which could create grave doubt concerning the validity of the jury's verdict. *See Montoya*, 2015-NMSC-010, ¶ 46. We therefore conclude that Defendant has failed to establish plain error in the proceedings below.

**{7}**    Accordingly, we affirm Defendant's convictions.

**{8}    IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KRISTINA BOGARDUS, Judge**